in the hands of the chamberlain. The motion must be granted, but without costs.

Motion granted, without costs.

---

## COOPERSON v. POLLO.

### (Supreme Court, Appellate Term. February 23, 1900.)

1. EVIDENCE—ATTORNEY AND CLIENT—CONFIDENTIAL COMMUNICATIONS.

Code Civ. Proc. § 835, providing that an attorney's clerk shall not be allowed to testify to communications made by a client to his employer in the course of professional employment, does not apply where plaintiff and defendant went together to an attorney's office, and the plaintiff, in defendant's presence, and in the presence of the attorney's clerk, made certain statements to the attorney, as such statements are not confidential communications.

2. SAME.

An attorney's clerk may be required to testify to business transactions between the attorney's client and a third person which occurred in his presence.

Appeal from municipal court, borough of Manhattan.

Action by Louis Cooperson against Samuel Pollo. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Abraham B. Schleimer, for appellant.

S. Feuchtwanger, for respondent.

GIEGERICH, J. The action is to recover an alleged balance for certain plumber's supplies, consisting of iron pipes, claimed to have been sold and delivered by the plaintiff to the defendant. The pleadings were oral, and the answer was a general denial. The principal question contested at the trial was whether such goods were sold to the defendant or not; the defendant contending that he merely acted as the agent of one Charles Steiber in the purchase of the same, and that the latter was the contractor of the building for which the said pipes were furnished. According to the plaintiff's testimony, the goods in question were purchased by the defendant at the former's place of business. After receiving a payment on account of the purchase price, the plaintiff rendered to the defendant a bill or statement for the balance, and, at the latter's request, delivered the goods at a theater on Third avenue, borough of Manhattan. The note of Steiber for such balance was delivered to the plaintiff on the same day, but has never been paid. On cross-examination it was elicited that the plaintiff subsequently filed a mechanic's lien in the clerk's office of the county of New York, which, among other things, states that one John McCall was the owner of the building for which such pipes were furnished, and that they were so furnished at the request of one John Hock, contractor, by whom the plaintiff was employed. On the redirect examination the plaintiff testified that he never had any acquaintance or business trans-

action whatever with either of the parties last above mentioned, and that the notice of lien was not read to him before he signed the same. A clerk in the office of the attorney who drew such notice was subsequently called by the defendant, who sought to contradict the testimony so given by the plaintiff by showing what took place at the attorney's office while the paper writing was being prepared, and at the time it was verified; but this evidence was excluded upon the plaintiff's objection that it violated the provisions of the Code of Civil Procedure (section 835) respecting privileged communications between attorney and client. It appears from the uncontradicted evidence that both parties litigant went together to the attorney's office, where the plaintiff, in the presence of the defendant and several other persons, including the attorney's said clerk, furnished the attorney with information concerning his claim arising out of the transaction adverted to. Under these circumstances the matters so communicated could not, in any sense, be fairly termed the subject of a confidential communication (1 Greenl. Ev. [15th Ed.] § 244); and, since the privilege did not apply to the attorney, it equally did not apply to his clerk. Hence the exclusion of the evidence adverted to was, in my opinion, reversible error. The attorney's clerk was also asked this question: "Q. As a matter of fact, did you go to Mr. Steiber in the presence of the plaintiff?" This was objected to upon the same ground upon which the aforesaid evidence was excluded, and the plaintiff excepted to the court's sustaining such objection. The rule applicable to the question presented by such ruling is laid down by the court in Coveney v. Tannahill, 1 Hill, 33, in these words (page 36):

"There can be no good reason for excluding the attorney when he has witnessed a transaction in the way of business between his client and a third person; as the adjustment of an account, the execution of a deed, the payment of a sum of money, the giving up of securities, or the like. It is not necessary that a man should have an attorney to witness his dealings with third persons, and, if one is called in, I can see no reasons why he, like any other person who was present, should not be sworn to prove what was done."

Applying the foregoing principle to the case at bar, it is clear that the justice erred in excluding the testimony sought by the question so propounded.

The defendant insists that the plaintiff took the promissory note of a third person in payment of the goods in suit, but, as such defense has not been pleaded, it is not available.

There were other grounds urged for a reversal of the judgment, but, in view of the conclusion above reached regarding the exclusion of evidence, it will not be necessary to consider them.

The judgment should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.